DIANA G. ADAMS
United States Trustee for Region 2
33 Whitehall Street, 21st Floor
New York, New York 10004   HEARING DATE: July 22, 2008
Telephone: (212) 510–0500    HEARING TIME: 10:00 a.m.
By: Greg M. Zipes (GMZ-4539)
Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
In re                                     :   Case No. 08-11420 (ALG)
                                          :
                                          :   (Chapter 11)
GO WEST ENTERTAINMENT, INC.,              :
                                          :
                    Debtor.               :
                                          :
---------------------------------------------------------- x

     PLEASE TAKE NOTICE that upon this Notice of Motion and the accompanying memorandum of law and declaration, Diana G. Adams, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable Allan L. Gropper, Bankruptcy Judge, in the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 on July 22, 2008 at 10:00 a.m., or as soon thereafter as counsel can be heard, for an order dismissing this Chapter 11 case or, in the alternative, converting this Chapter 11 case to a Chapter 7 case, and for such other and further relief as this Court may deem just and proper.  The original application is on file with the Clerk of the Bankruptcy Court.

     PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, at 33 Whitehall Street, 21st Floor, New York, New York 10004-2112, to the attention of Greg M. Zipes, Esq., no later than three (3) days prior to the return date set forth above.  Such papers shall conform to the Federal Rules of Civil

Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
June 24, 2008

DIANA G. ADAMS
UNITED STATES TRUSTEE

By: /s/ Greg M. Zipes
Greg M. Zipes (GMZ-4539)
Trial Attorney

33 Whitehall Street
21st Floor
New York, New York 10004-2112
Tel. No. (212) 510-0500
Fax. No. (212) 668-2255

To:
Sherri Lydell, Esq.
Platzer, Swergold, Karlin, Levine
1065 Avenue of the Americas, 18th Floor
New York, New York 10018

Go West Entertainment, Inc.
533-535 West 27th Street
New York, New York 10001

Michael A. Cardozo
Corporation Counsel of the City of New York
100 Church Street, Room 5-223
New York, New York 10007
Attn: Gabriela P. Cacuci, Esq.

Andrew M. Cuomo
Attorney General of the State of New York
120 Broadway -24th Floor
New York, New York 10271
Attention: Neal S. Mann, Esq.

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
                                                          :   Case No. 08-11420 (ALG)
In re                                                     :
                                                          :   (Chapter 11)
GO WEST ENTERTAINMENT, INC.,                              :
                                                          :
                             Debtor.                      :
                                                          :
----------------------------------------------------------x
```

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
IN SUPPORT OF MOTION FOR AN ORDER TO DISMISS THIS CHAPTER 11 CASE
OR, ALTERNATIVELY, TO CONVERT
THIS CHAPTER 11 CASE TO A CHAPTER 7 CASE**

TO THE HONORABLE ALLAN L. GROPPER, BANKRUPTCY JUDGE:

This memorandum of law is in support of the motion (the "Motion") of the United States Trustee for Region 2 (the "United States Trustee") for an order dismiss this Chapter 11 case or, alternatively, converting this Chapter 11 case to a Chapter 7 case, pursuant to 11 U.S.C. § 1112(b).

## INTRODUCTION

Although this case was only recently filed, it is obvious that the Debtor has encountered obstacles to reorganization that it cannot overcome. The Debtor is not operating, but it continues to accrue significant administrative liabilities. The Debtor filed for bankruptcy relief to obtain a stay from this Court of the state court's decisions to suspend its liquor license. The Debtor, by its principal, stated at the creditors' meeting that the Debtor cannot reopen without a liquor license. However, in a recent decision rendered in this case, this Court held that it has no power to overturn a state court administrative decision. As the Debtor lacks a liquor license and is therefore unable to operate, it has lost the ability to reorganize. Apparently recognizing this, the Debtor has now informed the United States Trustee that it consents to dismissal of this case. Thus, the Court should dismiss this case or, alternatively, convert this case to one under Chapter 7 of the Bankruptcy Code.

**FACTS**

On April 18, 2008 (the "Filing Date"), the Debtor commenced this Chapter 11 case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. See Zipes Decl. Ex. A (docket). As of the Filing Date, the Debtor was engaged in the business of owning and operating a restaurant and night club featuring cabaret entertainment located at 536 West 28th Street, New York, New York 10001 (the "Premises"). See Zipes Decl. Ex. B (Affidavit of Elliot Osher as Vice-President pursuant to Local Bankruptcy Rule 1007-2 ("Local Rule Affidavit")) at ¶ 2. The Debtor leases the Premises (the "Lease") from its landlord, Westside Realty of New York, Inc. ("Westside"), and its monthly rent is $180,000. Id. at ¶ 12.

As described by the Debtor, the Debtor lost business when the New York State Liquor Authority (the "SLA") revoked its liquor license. This led to an inability to pay its taxes due to a loss in sales. As a result, the Debtor was required to file for bankruptcy relief. Id. at ¶ 3.

On June 6, 2008, the Debtor filed its schedules of assets and liabilities (the "Schedules") and its statement of financial affairs (the "Statement of Affairs").[1] See Zipes Decl. Ex. C (Schedules); Zipes Decl. Ex. D (Statement of Affairs). The Debtor listed an aggregate of $4,147,070.48 in assets and $6,397,170.57 in debts. See Zipes Decl. Ex. C (Summary of Schedules). The debts included priority tax debts of $83,569.36. Id. (Schedule E). The Debtor listed secured tax liability of $1,223,086.79. Id. at E (Schedule D).

The Debtor's principal assets were equipment (book value) at $850,418.37 and leasehold improvements (book value) at $3,048,194.90. See Zipes Decl. Ex. C (Schedule A, questions 29 and 35). The Debtor listed the landlord Westside as an insider, receiving $1,905,260 in the year prior to the Filing Date. See Statement of Affairs at question 3.

The Debtor has provided a cash flow statement as of April 18, 2008. The Debtor listed

---

[1]By order dated May 7, 2008, the Debtor's deadline for filing these documents was extended to June 2, 2008. See Docket No. 21. The Debtor did not file these documents within the time set by the Court.

certain fixed expenses, such as rent of $129,000 a month,[2] utilities aggregating $10,900 and insurance in the amount of $16,000. See Zipes Decl. Ex. E.

A creditors' meeting was held on May 29, 2008. At that time, the Debtor, by its vice-president Elliot Osher, stated under oath that the Debtor is not operating[3] and has no liquor license. He stated that the Debtor cannot reopen without a liquor license. He declared that Westside or insiders of the Debtor are paying all necessary expenses until such time that the Debtor begins operating again. The Debtor also informed the United States Trustee that the earliest a state court may consider its request for a liquor license is September 2008. See Zipes Decl. at ¶ 4.

*The Adversary Proceeding*

On April 22, 2008, the Debtor commenced an adversary proceeding entitled Go West Entertainment, Inc. v. New York State Liquor Authority, Adv. Pro. No. 08-01182 (ALG) (the "Adversary Proceeding"). In the Adversary Proceeding, the Debtor sought a stay pending its appeal in the state courts of the decision of the SLA to revoke the Debtor's liquor license. See Zipes Decl. Ex. F. (Memorandum of Opinion and Order denying the Debtor's Application For a Preliminary Injunction dated May 14, 2008 (the "Decision")) at 3. The Court denied the stay, finding that the Debtor has not demonstrated a likelihood of success on the merits. The Court found that it has no power to review or overturn a final state determination of the correctness of a state administrative determination. Id. at 9. As of this date, no appeal of that order has been filed by the Debtor.

*The Debtor's E-Mail To the United States Trustee*

By e-mail dated June 17, 2008 (the "June e-mail"), the Debtor's counsel informed the United States Trustee that the Debtor has no objection to the dismissal of this case. The Debtor

---

[2]This amount is different from the monthly rent amount set forth in the Local Rule Affidavit, which listed this amount as $180,000.

[3]The initial monthly operating report filed for the period of April 19, 2008 through May 31, 2008 confirms that the Debtor is not operating.

recited that its "liquor license was revoked by the New York State Liquor Authority and as a result the Debtor has been forced to cease operations." The Debtor also stated that it "has been unable to pay its monthly rent to its landlord and as a result the landlord has indicated that it will be seeking stay relief to regain possession of the property . . ." See Zipes Decl. Ex. G.

## **ARGUMENT**

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the court shall convert a case under [Chapter 11] to a case under chapter 7 or dismiss [it] …, whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1) (emphasis added). Cause exists under the following provisions: "(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; . . . ."[4] 11 U.S.C. § 1112(b)(4)(A).

A negative cash flow or and an inability to pay current expenses as they come due can satisfy the "continuing loss to or diminution of the estate" standard for conversion or dismissal of Chapter 11 case. In re Gateway Access Solutions, Inc., 374 B.R. 556, 564 (Bankr. M.D. Pa. 2007). The Debtor has disclosed that it is not operating. See Zipes Decl. at ¶ 4. As such, it cannot meet ongoing administrative expenses, which are significant and continue to accrue. See Zipes Decl. Ex. E (cash flow statement listing monthly expenses). The Debtor will have to demonstrate that it can pay all administrative claims in full on the effective date in order to confirm a plan. The Debtor has no demonstrated ability to raise the funds necessary to pay tax claims, let alone other administrative expenses such as professional fees.

As stated, a creditors' meeting was held on May 29, 2008. At that time, the Debtor, by its

---

[4]The bankruptcy court must also commence the hearing on the motion not later than 30 days after the filing thereof, and decide the motion not later than 15 days after the commencement of the hearing, unless the United States Trustee consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting these time limits. 11 U.S.C. § 1112(b)(3). To the extent over 30 days elapse between the time the motion is filed and the date the court may first hear it, the United States Trustee hereby consents to a continuance under section 1112(b)(3).

vice-president Elliot Osher, stated under oath that the Debtor is not operating and has no liquor license. He stated that the Debtor cannot reopen without a liquor license. He averred that Westside or insiders of the Debtor are paying all necessary expenses until such time that the Debtor begins operating again. The Debtor also informed the United States Trustee that it understands that the earliest a state court may consider the Debtor's request for a liquor license is September 2008. See Zipes Decl. at ¶ 4.

The Debtor appears to have filed for bankruptcy relief in order to obtain a stay from the SLA decision to revoke its license. See Zipes Decl. Ex. F. (Memorandum of Opinion and Order denying the Debtor's Application For a Preliminary Injunction dated May 14, 2008 (the "Decision")) at 3. The Bankruptcy Court denied the stay, finding that the Debtor has not demonstrated a likelihood of success on the merits. The Court found that it has no power to review or overturn a final state administrative determination. Id. at 9. Under the circumstances, the Debtor will not be able to propose a plan and the case should be dismissed or converted to one under Chapter 7 of the Bankruptcy Code.

Consistent with the Debtor's request, the United States Trustee recommends dismissal of this case as opposed to a conversion to Chapter 7. As the Debtor itself notes, dismissal is warranted in view of the Debtor's inability to operate as a result of the loss of its liquor license. Because the Debtor is no longer operating, it is unable to make payments to its landlord.

The United States Trustee recommends dismissal as opposed to conversion for two reasons. The first is that this case was filed as an effort to avoid the actions of the SLA in revoking the Debtor's liquor license. This case is primarily a two party dispute between the Debtor and the SLA. The Debtor asserts that there are ongoing state court proceedings regarding the Debtor's liquor license. Should the license be restored, it is possible that the Debtor can resume operations and pay its creditors in the ordinary course of business. In the meantime, the Debtor has asserted that its ongoing necessary expenses are being paid currently either through Westside, the landlord, and its insiders. Should the State Court Action proceedings result in a

5

decision unfavorable to the Debtor, the creditors will be in a position to proceed in state court to collect the sums owed by the Debtor.

Second, should the case be converted, it appears unlikely that a Chapter 7 trustee would be able to make any distributions to general unsecured creditors in view of the very large secured debt. Specifically, as of the Filing Date, the Debtor has secured tax liability of approximately $1.224 million and priority tax debt of approximately $84,000. See Zipes Decl., Ex. C. The Debtor has no operations from which to make these payments. Therefore, a Chapter 7 trustee would have to liquidate the Debtor's equipment and sell the Lease. The book value of those assets is $850,418.37 and it is unlikely that a Chapter 7 trustee will be able to sell those assets for their book value. The Lease is held by Westside, an insider, and the value of the Lease is unclear. Accordingly, based on the very large secured debt, the unsecured nonpriority debt of over $6 million, and the lack of assets, it appears that a Chapter 7 trustee would be unable to make distributions to unsecured creditors. Therefore, after balancing these choices, the United States Trustee recommends dismissal of this case. Should the Court find otherwise, the United States Trustee asks the Court to grant the alternative relief requested and convert the case to a Chapter 7 case.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this Chapter 11 case or, in the alternative, converting this case to a Chapter 7 case, pursuant to 11 U.S.C. § 1112(b), and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
June 24, 2008

                                            Respectfully submitted,

                                            DIANA G. ADAMS
                                            UNITED STATES TRUSTEE

By:   /s/ Greg M. Zipes
       Greg M. Zipes (GMZ-4539)
       Trial Attorney

       33 Whitehall Street
       21st Floor
       New York, New York 10004-2112
       Tel. No. (212) 510-0500