Platzer, Swergold, Karlin, Levine,
Goldberg & Jaslow, LLP
Attorneys for the Debtor  Hearing Date: July 23, 2009
1065 Avenue of the Americas, 18th Floor  @ 10:00 a.m.
New York, NY 10018
(212) 593-3000
Sherri D. Lydell (SL/1321)
Scott K. Levine (SL/6776)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  In Proceeding For
In re:  Reorganization Under
 Chapter 11, Title 11 of the
GO WEST ENTERTAINMENT, INC.,  United States Code

                           Debtor.  Case No.: 08-11420 (ALG)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTOR'S APPLICATION FOR AN
ORDER DISMISSING CHAPTER 11 CASE**

TO:    THE HONORABLE ALLAN L. GROPPER,
         UNITED STATES BANKRUPTCY JUDGE:

GO WEST ENTERTAINMENT, INC., debtor and debtor-in-possession (the "Debtor"), by its attorneys, Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP ("Platzer"), as and for its application (the "Application") for an Order pursuant to 11 U.S.C. §1112(b) and Rules 1017 and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") dismissing this Chapter 11 case, respectfully represents as follows:

**I. BACKGROUND**

1.    On April 18, 2008 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

2.    The Debtor had continued to manage its assets and business affairs as a Debtor-in-possession pursuant to §1108 of the Bankruptcy Code. No Trustee or Examiner has been appointed pursuant to §1104 of the Bankruptcy Code.

3. The Debtor was engaged in the business of owning and operating a restaurant and gentleman's night club featuring cabaret entertainment located at 536 West 28th Street, New York, New York 10001. The Debtor's liquor license was revoked and, as a result, was forced to cease operations.

4. The Office of the Untied States Trustee did not form a Committee of Unsecured Creditors herein.

5. On or about June 24, 2008, the United States Trustee filed a motion to convert or dismiss this bankruptcy case (the "Motion"). The Motion has been adjourned from time to time.

6. This Court has jurisdiction herein pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The statutory predicates for the relief sought herein are §1112(b) of the Bankruptcy Code (the "Code") and Rules 1017 and 2002 of the Federal Rules of Bankruptcy Procedure.

## II. RELIEF SOUGHT

7. The Debtor seek the dismissal of this case pursuant to §§1112(b)(1) and (2) of the Bankruptcy Code. Section 1112(b) of the Bankruptcy Code provides, in pertinent part that:

> **"... on request of a party in interest or the United States Trustee, or bankruptcy administrator and after notice and a hearing, the Court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including -**
>
> **(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;**
>
> **(2) inability to effectuate a plan; . . . ."**

11 U.S.C. §1112(b)(1) and (2)

8. The Debtor is not operating and does not have any assets to administer. Administrative claims, including taxes, attorneys' fees and unpaid rent aggregate approximately $1,886,715.75. In addition, the Debtor has secured debt of approximately $7,137.25 and priority debt of approximately $214,195.90. Finally, the Debtor has non-insider unsecured debt of approximately $676,486.19.

9. It is the Debtor's opinion that a dismissal of this case would be the most practical manner for concluding this proceeding. The Bankruptcy Court has wide discretion in determining if cause exists and how to ultimately dispose of a case pursuant to Section 1112 of the Bankruptcy Code. See, In re Hampton Hotel Investors, L.P., 270 B.R. 346, 358 (Bankr. S.D.N.Y. 2001); In re Dark Horse Tavern, 189 B.R. 576, 580 (Bankr. N.D.N.Y. 1995); In re Gucci, 174 B.R. 401, 410 (Bankr. S.D.N.Y. 1994); In re Coffee Cupboard Inc., 119 B.R. 14, 18 (Bankr. E.D.N.Y. 1990); In re Sal Caruso Cheese, Inc., 107 B.R. 808, 817 (Bankr. N.D.N.Y. 1989); S. Rep. No. 989, 95th Cong., 2d. Sess. 117-18.

10. The Debtor and its counsel have reviewed all payments made to creditors within the ninety (90) day period prior to the Filing Date, and the one year period prior to the Filing Date with respect to insiders. The Debtor's Disbursement Journals and Payroll Records have been reviewed. After taking into consideration ordinary course and new value defenses, as well as whether or not the entity is still in existence, a schedule of potential available transactions was compiled. The total amount of potential avoidance transactions is $136,251.77. Annexed hereto as Exhibit"A" is a copy of the schedule.

11. The Debtor does not believe that there are any substantial avoidance actions worth pursing. Considering the large amount of administrative and priority debt, unsecured creditors would not benefit for any potential recoveries. The Debtor's principals are personally

responsible for the payment of certain of the taxes owed to the IRS and New York State and settlement agreements have been reached with those taxing authorities. The Debtor's insiders are personally paying the aggregate sum of $936,520.75 to satisfy those tax debts on the Debtor's behalf.

12. The legislative history to §1112(b) of the Bankruptcy Code indicates that the grounds set forth in §1112(b) are non-exhaustive so that a bankruptcy court is able to dismiss a chapter 11 case for any cause cognizable to its equity powers. "[C]ourts will be able to consider other factors as they arise, and use its equitable powers to reach an appropriate result in individual cases". See, H.R. Rep. No. 595, 95th Cong., 2d Sess. 405-406b (1978). See also, In re Hampton Hotel Investors, L.P., 270 B.R. at 358; In re Tornheim, 181 B.R. 161, 163 (Bankr. S.D.N.Y. 1995), appeal dismissed, 1996 WL 79333 (S.D.N.Y., Feb.23, 1996); In re Gucci, 174 B.R. at 409; In re Cardi Ventures, Inc., 59 B.R. 18, 21 (Bankr. S.D.N.Y. 1985). "The precise perimeters of "case" are intentionally omitted from the statute so as to afford maximum flexibility and, among other things, to enable a bankruptcy court to dismiss a chapter 11 case for any reason cognizable to the equity power and conscience of the court. In re HBA East, Inc., 87 B.R. 248, 258 (Bankr. E.D.N.Y. 1988).

13. The decision to dismiss a case under §1112(b) rests with the sound discretion of the bankruptcy court and must be made on a case-by-case basis. See, In re Gucci, 174 B.R. 401, 410 (Bankr. S.D.N.Y. 1994); In re HBA East, Inc., 87 B.R. 248, 259.

14. Dismissal is appropriate where the court determines that the debtor is unable to effectuate any confirmable plan. See, In re 266 Washington Assoc., 141 B.R. 275, 288 (Bankr. E.D.N.Y.); aff'd, 147 B.R. 827, 832 (E.D.N.Y 1992); In re 499 W. Warren Street Associates, Ltd., 151 B.R. 307, 314 (Bankr. N.D.N.Y. 1992).

15. The Debtor alternatively seeks dismissal pursuant to §305(a) of the Bankruptcy Code, which provides, in relevant part, that "the court, after notice and a hearing, may dismiss a case under this title .at any time if: (1) the interests of creditors and the debtor would be better served by such dismissal or suspension". 11 U.S.C. §305(a)(1). As previously set forth, the Debtor believes that dismissal of its chapter 11 case is in its best interest, as well as the best interest of its creditors, and accordingly, dismissal is also warranted under § 305(a) of the Bankruptcy Code.

16. Indeed, there is no prospect for a reorganization. Accordingly, dismissal of this case is warranted. Dismissal of this case will dispense with the continuation of administration fees and expenses. Furthermore, there are no substantial assets for a Chapter 7 Trustee to administer and therefore, conversion of this case would be impractical and a waste of judicial resources.

17. Moreover, as discussed above, the United States Trustee's Office filed the Motion to Dismiss or Convert this case and based upon prior discussions with the Office of the United States Trustee, it is the Debtor's belief that the United States Trustee would have no objection to the dismissal of this case.

18. Notice of the Application has been given in accordance with Rule 2002 to all known creditors, the United States Trustee and any party that has filed a notice of appearance and request for service of documents.

19. The Debtor represents that the case law cited herein satisfies the requirement of a separate memorandum of law.

WHEREFORE, based upon all of the foregoing, the Debtor respectfully requests the entry of an order substantially in the form annexed hereto as Exhibit "B", dismissing this case and providing such other and further relief as is just and proper.

Dated: New York, New York
June 30, 2009

                              PLATZER, SWERGOLD, KARLIN, LEVINE,
                              GOLDBERG & JASLOW, LLP
                              Attorneys for the Debtor


                        By: __/s/ Sherri D. Lydell_____
                              SHERRI D. LYDELL (SL/1321)
                              A Member of the Firm
                              1065 Avenue of the Americas, 18th Floor
                              New York, New York 10018
                              (212) 593-3000
                              slydell@platzerlaw.com